**Melvin BROWN, Plaintiff,**

v.

**Dr. Robert A. McGOWAN, Supervisor, Colorado State Reformatory Clinic, and Mr. Gilbert L. Koehler, Oral Surgeon, C.S.R., et al., Defendants.**

Civ. A. No. 77–K–1080.

United States District Court, D. Colorado.

March 10, 1978.

Melvin Brown, pro se.

Fredric A. Ritsema, Richard G. McManus, Jr., Asst. Atty. Gen., Denver, Colo., for defendants.

JUDGMENT AND ORDER

KANE, District Judge.

This is an action under 42 U.S.C. § 1983 by an inmate at the Colorado State Reformatory in Buena Vista, Colorado. Plaintiff alleges that his rights under the eighth amendment to the Constitution of the United States have been violated by the Supervisor of the Reformatory Clinic and an oral surgeon working under his direction in failing to perform an operation for Tempromandibular Joint Syndrome. Original jurisdiction of this court exists under 28 U.S.C. § 1343(3).

The complaint in this matter was filed on November 28, 1977. The defendants filed a motion to dismiss on January 16, 1978 and, on February 6, 1978, supplemented the motion with the affidavit of defendant Dr. Gilbert L. Koehler, D.D.S.

Pursuant to the order of court on February 16, 1978, notice was given that the motion to dismiss would be treated as a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Commensurate with the notice, plaintiff was ordered to file all material pertinent to the motion within twenty (20) days and advised that the matter would be determined without oral argument. (*See Adams et al. v. Campbell County School District et al.*, 483 F.2d 1351 (10th Cir. 1973).

Plaintiff alleges that he is suffering from severe pain around his ear which is causing him to endure constant headaches. He further states that he was referred to Dr. Koehler at the reformatory clinic for treatment and that Dr. Koehler, after examining plaintiff and contacting plaintiff's personal doctor, admitted that plaintiff was in need of an operation. However, it is alleged Dr.

Koehler refuses to perform the operation or allow plaintiff to go to the state hospital to have it performed. Plaintiff acknowledges that a muscle relaxant was administered to ease the pain but that such medication was ceased on or about November 10, 1977. Plaintiff now claims that he is in constant pain; that he is in need of an operation; and that he is unable to obtain relief from the reformatory clinic.

A § 1983 complaint concerning improper medical care can be presented on two constitutional grounds: (1) cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States, and (2) denial of due process of law. In *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), the Supreme Court addressed the allegation necessary to support a claim of cruel and unusual punishment in this context:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

See *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976).

In his affidavit, Dr. Koehler asserts that he diagnosed plaintiff's ailment as Tempromandibular Joint Syndrome which "should not be operated on unless there is tumor pathology or clinically the joint is ankylosed." Dr. Koehler further states that plaintiff has been seen nine times in the medical clinic for imagined illnesses and nine times in the dental clinic since September 13, 1977. In addition, on December 6, 1977 plaintiff refused to have the joint injected with cortisone, which is often recommended in such cases as an anti-inflammatory agent. Dr. Koehler emphasized that he not only didn't advocate an operation, but, in his opinion, plaintiff *should not* have surgery for this condition. Plaintiff has not offered any opposition to Dr. Koehler's affidavit.

It is evident that plaintiff has received medical attention for his ailment. The attention received is far more than that contemplated by the Supreme Court in *Estelle*. Interestingly enough, plaintiff does not pray for the operation which is the basis of his complaint; but instead seeks $750,000 in damages.

IT IS ORDERED that judgment enter in favor of defendants and against plaintiff. Each party shall bear his own costs.