**Glenn D. JACKSON, Plaintiff,**

v.

**Robert MOORE, Maximum Security Infirmary Administrator, William Wilson, Superintendent, Maximum Security Facility, Defendants.**

**Civ. A. No. 79–K–104.**

United States District Court,
D. Colorado.

June 18, 1979.

Glenn D. Jackson, pro se.

Duncan Cameron, Yegge, Hall & Evans, Denver, Colo., Marcellus Jackson, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER OF DISMISSAL

KANE, District Judge.

This is an action under 42 U.S.C. § 1983 by an inmate at the Colorado State Penitentiary in Canon City, Colorado. He alleges violations of his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States by defendants Robert Moore, Maximum Security Infirmary Administrator, and William Wilson, Superintendent of the Maximum Security Facility. Jurisdiction of this court exists under 28 U.S.C. § 1343(3).

The complaint in this matter was filed on February 2, 1979. After two extensions of time, the defendants, on April 26, 1979, filed a motion to dismiss the complaint on the ground that it fails to assert a claim cognizable under the Civil Rights Act. This court issued a minute order, dated May 10, 1979, wherein defendants' motion to dismiss was converted into a motion for summary judgment. Plaintiff filed a brief and affidavit in opposition to the motion for summary judgment on May 24, 1979. This matter is now ready for disposition.

Plaintiff alleges in his complaint that he is in urgent need of dental work and that necessary treatment has been refused, "resulting in a serious worsening of his dental problems and causing plaintiff excessive pain, loss of sleep, loss of weight and general malaise." Plaintiff claims that he has attempted to obtain the "necessary" dental treatment but such treatment has been denied. Plaintiff urges that this denial rises "to the level of deliberate indifference constituting infliction of cruel and unusual punishment."

Plaintiff alleges that he has been suffering from severe dental problems since 1977; that defendant Moore has failed to make arrangements to have plaintiff treated at a facility which is equipped to render the treatment plaintiff wishes performed; that he is presently suffering excruciating pain due to decaying teeth; that he cannot sleep and has lost 20 pounds over the past 22 months; that if the work is not performed soon, plaintiff will lose his dental bridgework and some of his natural teeth; that defendant Moore has continuously promised plaintiff that plaintiff will receive treatment; that to date defendant Moore has failed to take any action; and that defendant Wilson, as Superintendent of the Maximum Security Facility, is liable for damages under the doctrine of *respondeat superior* since defendant Moore is one of defendant Wilson's subordinates.

Defendant Wilson has filed a motion to dismiss on the ground that no personal participation on the part of defendant Wilson has been alleged in the complaint and that the theory of *respondeat superior* is still inapplicable to actions under § 1983. This circuit has consistently recognized that "[p]ersonal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976); *Battle v. Lawson*, 352 F.Supp. 156 (W.D. Okl.1972). This requirement was reaffirmed by the United States Supreme Court in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Accordingly, the motion to dismiss filed by defendant Wilson is granted.

In support of his argument opposing summary judgment, plaintiff Jackson attests that following an examination by the dental department at the Colorado State Hospital, he was advised that they were unable to perform the work necessary to repair the bridgework; that he was informed by the prison infirmary administrator that outside sources would be contacted in an attempt to secure the desired treatment; that defendant Moore, up to the date of filing this complaint, had not made any arrangements for plaintiff to receive "proper" treatment; and that on April 17, 1979, plaintiff signed a statement giving his consent to be examined and treated by a Dr. Icabone, who is "highly regarded in the area of bridgework." This contact was made by defendant Moore in plaintiff Jackson's behalf. It is plaintiff's position that defendants have neglected and demonstrated indifference to plaintiff's dental needs since his ailment was first brought to their attention approximately three years ago.

In support of his motion for summary judgment, defendant Moore has submitted his own affidavit and that of Dr. William J. Powell, D.D.S., a dentist at the Colorado State Penitentiary Dental Clinic. In his affidavit, Dr. Powell attests that he first treated plaintiff Jackson in April, 1976, at which time he discovered extensive damage to fixed bridgework. The affiant submits that the Dental Clinic at the Colorado State Penitentiary does not do the type of bridgework that plaintiff desires; that he has proposed a treatment which the institution's dental clinic was and still is capable of rendering; that said treatment would satisfy plaintiff's medical needs; that said treatment was and continues to be refused by plaintiff; and that the treatment which plaintiff desires would necessitate replacing bridgework on unsound teeth, which, in Dr. Powell's opinion, is "a very great risk" and that "every dentist . . . says he wouldn't touch it with a ten foot pole."

The affiant further attests that several members of the infirmary staff, including himself, have attempted to get either the

Veterans Administration Hospital or the Colorado State Hospital to take on the project of rectifying the extensive damage to plaintiff's bridgework. However, Dr. Powell has expressed his willingness to carry out the treatment plan proposed to plaintiff and his affidavit evidences a sincere desire that plaintiff Jackson's dental problems be expeditiously rectified.

Defendant Moore's affidavit similarly evidences a sincere desire to secure a treatment necessary to alleviate plaintiff's dental problems. Defendant Moore attests that he has made every effort to propose a treatment which falls within the framework of the prison's dental policy. However, this treatment does not include the bridgework which plaintiff desires. Defendant Moore further attests that he has made every effort to find an outside agency that would be willing to perform the bridgework which plaintiff desires, but he also has been unsuccessful. [This affidavit was sworn prior to defendant Moore's contacts with Dr. Icabone.]

The affidavits of Dr. Powell and defendant Moore evidence the copious medical attention given plaintiff by members of the medical staff at the Colorado State Penitentiary. There is no doubt that plaintiff's medical needs have been regularly and carefully considered and dealt with during his confinement. Dr. Powell attests that he continues to recement the upper left bridge as it is needed and issues pain medication when plaintiff needs it; and that he will continue to do so until something is done to remedy the situation.

■ A § 1983 complaint should not be dismissed for failure to state a claim unless it clearly appears that the complainant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir. 1976); *Gregory v. Wyse,* 512 F.2d 378 (10th Cir. 1975). Dismissals of *pro se* civil rights actions are rightfully held in disfavor. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ The law is clear that a § 1983 complaint concerning improper medical care can

be presented on either of two constitutional grounds: (1) cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States, and (2) denial of due process of law. In *Estelle v. Gamble,* 427 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), the Supreme Court addressed the allegation necessary to support a claim of cruel and unusual punishment in this context:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*See Smart v. Villar,* 547 F.2d 112 (10th Cir. 1976).

■ Similarly, a difference of opinion between prison medical personnel and a prisoner regarding treatment cannot serve as a basis for a cause of action under § 1983. *See McCracken v. Jones,* 562 F.2d 22 (10th Cir. 1977); *Paniagua v. Moseley,* 451 F.2d 228 (10th Cir. 1971); *Coppinger v. Townsend,* 398 F.2d 392 (10th Cir., 1968); *Brown v. McGowan,* 445 F.Supp. 468 (D.Colo.1978). In that regard, the only dispute plaintiff's complaint presents is a difference of opinion between himself and the defendants as to the treatment which plaintiff's condition requires. Dr. Powell attests that his proposed treatment would satisfy plaintiff's medical needs and would alleviate the pain from which plaintiff presently suffers.

The documents before this court do not show a deliberate indifference to plaintiff's needs. In fact, defendant Moore's recent contact with Dr. Icabone reflects an extensive and continuing concern for plaintiff's condition. In view of all this, plaintiff has failed to state a cognizable federal claim upon which relief can be granted.

Accordingly, this complaint and civil action are dismissed.