Frances Ann KNIGHT, a/k/a Frances
Ann Duran, Plaintiff,

v.

The PEOPLE OF the STATE OF COLO-
RADO, Governor Richard Lamm, Head
of the Colorado State Department of
Institutions, Superintendent of the Colo-
rado State Hospital, Dr. Haydee Kort,
Superintendent of Colorado State Hos-
pital, Individually, Mr. Lancaster, Secur-
ity Police, Mary Gonzales, Kathy Hus-
kins, Marjorie Schoekenberger, Dan
Theobald and Polly Wilcox, Defendants.

Civ. A. No. 79–K–211.

United States District Court,
D. Colorado.

Aug. 29, 1980.

H. Paul Cohen, Wolf & Slatkin, Denver, Colo., for plaintiff.

Tarquin J. Bromley, Asst. Atty. Gen., Duncan W. Cameron, Hall & Evans, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This § 1983 civil rights damage action for violation of the eighth, thirteenth and fourteenth amendments is before the court on defendants' motion for summary judgment. Plaintiff Knight, a mental patient at the Colorado State Hospital, was assaulted by another patient, Billy Raines, on the night of January 25, 1979. More specifically, she was attacked and kissed and "felt up" without her consent while both persons were fully clothed. Knight was institutionalized after being found not guilty by reason of insanity on a first degree murder charge. She has named as defendants the State of Colorado, Governor Lamm, the Department of Institutions and Superintendent Kort of the Colorado State Hospital, as those having ultimate responsibility for the state hospital, a security policeman and various staff members. She has alleged that their neglect in "secur[ing] [an] environment free from physical and mental abuse" proximately caused her attack in violation of her civil rights. She seeks damages of $1,000,000.

I find that based on the evidence submitted by the defendants in the form of plaintiff's deposition, the assault was minor and the injury *de minimus*, not of sufficient degree to rise to the level of an unconstitutional deprivation of civil rights. While I agree that mental hospitals have a duty to protect patients from injury by another patient, *Sanchez v. United States*, 506 F.2d 702, 705 (10th Cir. 1974), and that involuntarily institutionalized persons have a constitutional right to a safe and humane living environment, *see Goodman v. Parwatiker*, 570 F.2d 801, 804 (8th Cir. 1978), in order for this claim of negligence to be actionable under 42 U.S.C. § 1983 more than an isolated event of unconsented touching is required. *See, e. g., Goodman v. Parwatiker*, 570 F.2d 801 (8th Cir. 1974), *Redmond v. Baxley*, 475 F.Supp. 1111 (E.D.Mich. 1979), *Van Horn v. Lukhard*, 392 F.Supp. 384 (E.D.Va. 1975).

Taking plaintiff's deposition in the light most favorable to her, I find that although the defendants were on notice that sexually harassing behavior was occurring at the state hospital, the defendants did take measures to correct the situation. I find that they did not acquiesce in continuing acts or omissions which had the effect of producing a pattern of sexual assaults. Further, as admitted by plaintiff, the state took measures to prosecute her assailant for his sexual assault upon her.

No evidence other than the plaintiff's deposition was offered. No countervailing affidavits were offered. There is no genuine issue of material fact and the motion and supporting verified data are sufficient for me to determine the case in this summary proceeding. *Wilt v. GTE Int'l Systems Corp.*, 82 F.R.D. 686 (1979), *Griess v. Climax Molybdenum Co.*, 488 F.Supp. 484 (1980). It is to be noted that plaintiff's counsel serves without fee and pursuant to court appointment. He is the third attorney appointed to represent the plaintiff and he has represented her ably and well. The absence of countervailing affidavits is reflective of the completeness of the deposition and not of lack of vigor or skill on the part of counsel.

I conclude that this assault, while unfortunate, does not constitute a depriva-

tion of plaintiff's civil rights. In addition, I note that under the reasoning of the Tenth Circuit's decision in *McClelland v. Facteau*, 610 F.2d 693 (10th Cir. 1979), the defendants avoid liability under § 1983 for this simple negligence because although they were in a position of responsibility and knew of the misconduct, they acted in a reasonable manner to prevent future harm. *Id.* at 697.[1] *See Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975).

It is ORDERED that the MOTION for SUMMARY JUDGMENT be and is hereby GRANTED.

---

1. Although it is not necessary to decide the issue in this matter, I note that defendants also argue for summary judgment as to the defendants Kort and Lamm for their alleged lack of personal participation in the negligent conduct. Although both the Tenth Circuit and I have indicated that "personal participation" is a necessary element in a § 1983 action, *see Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976), *Jackson v. Moore*, 471 F.Supp. 1068 (D.Colo. 1979), I note that the Supreme Court in *Monnell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), and the Tenth Circuit in *McClelland v. Facteau*, 610 F.2d 693 (10th Cir. 1979), and *Kite v. Kelley*, 546 F.2d 334 (10th Cir. 1976), have clarified the requisite involvement of a state official in § 1983 actions which may sub-

ject him to suit. Under the "affirmative link" standard, a government official may be liable even lacking literal personal involvement if he "breached a duty which proximately caused the injury." *McClelland v. Facteau*, 610 F.2d at 695. The superior officer is liable for actions of his subordinates if he, *expressly or otherwise*, participated or acquiesced in the constitutional deprivation. *Kite v. Kelley*, 546 F.2d at 338. I agree that § 1983 does not require that only the defendant who is the immediate, direct, or precipitating cause of the plaintiff's injury be liable. The language of § 1983 "subjects, or causes to be subjected," is broader than "direct personal involvement; it includes failure to perform a duty if that failure causes deprivation of protected rights." *McClelland v. Facteau*, 610 F.2d at 696. Thus, direct personal involvement is not required.