**Arnold Lee VANCE, Plaintiff,**

v.

**Donald E. BORDENKIRCHER, et al., Defendants.**

**Civ. A. No. 81–0320–E(H).**

United States District Court, N. D. West Virginia, Elkins Division.

March 2, 1982.

Arnold Lee Vance, pro se.

Chauncey Browning, Jr., Atty. Gen. of W. Va., Charleston, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the Warden, Deputy Warden and several other correctional officers of the West Virginia Penitentiary to recover both compensatory and punitive damages [1] for an alleged deprivation of his civil rights. Defendants Bordenkircher, Childs, Hedricks and Lohr have filed an answer which contends, *inter alia*, that Plaintiff has failed to state a claim for which relief can be granted. The Court deems this portion of Defendants' answer to be a motion to dismiss, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure.[2] Plaintiff moves this Court for leave to amend his complaint (1) so as to proceed under 42 U.S.C. § 1981 and (2) so as to name correctional officers Myers, Bradley and Galatine as additional Defendants in this action, pursuant to *Rule* 15, Federal Rules of Civil Procedure.[3] For the reasons set out below, this Court hereby (1) grants Defendants Bordenkircher's, Hedricks' and Childs' motion to dismiss; (2) denies Defendant Lohr's motion to dismiss; (3) grants Plaintiff's motion to amend his complaint so as to name Myers and Galatine as additional Defendants; (4) denies Plaintiff's motion to amend his complaint so as to name Bradley as an additional Defendant; and (5) denies Plaintiff's motion to amend his complaint so as to proceed under 42 U.S.C. § 1981.

---

1. Plaintiff only seeks punitive damages from Defendants Bordenkircher, Childs, Hedricks and Lohr. Though Plaintiff has made no demand for compensatory damages from these Defendants, "punitive damages may be awarded in some situations for a malicious and wanton disregard for a plaintiff's constitutional rights even in the absence of actual damages." *Paton v. LaPrade*, 524 F.2d 862, 872 (3rd Cir. 1975). See also, *O'Connor v. Several Unknown Correctional Officers*, 523 F.Supp. 1345, 1349 (E.D.Va.1981) ("Punitive damages are possible in an appropriate case under § 1983, however where the defendants have acted with the mali-

cious intention to deprive a person of his rights.")

2. Plaintiff filed a response to Defendants' answer and motion to dismiss on December 11, 1981.

3. Plaintiff has incorrectly brought this motion pursuant to *Rule* 4(h), Federal Rules of Civil Procedure. This Court, however, will address Plaintiff's motion as though it was made pursuant to *Rule* 15, Federal Rules of Civil Procedure. *Cf., Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

## I. PLAINTIFF'S ALLEGATIONS [4]

### A. *Plaintiff's Original Complaint.*

 Plaintiff alleges that on or about August 14, 1981, he was assaulted by another inmate in the North Hall section of the West Virginia Penitentiary. Plaintiff further alleges that correctional officers Childs and Lohr were not at their duty posts in North Hall when the assault occurred. Plaintiff contends that he would not have been assaulted but for Childs' and Lohr's absence from their posts. Plaintiff further alleges that he would not have been assaulted but for Warden Bordenkircher's and Deputy Warden Hedricks' failure to provide safe housing and "conscientious" correctional officers.

### B. *Plaintiff's Rule 15 Motion.*

In his proposed amended complaint which is attached to his *Rule* 15 motion, Plaintiff alleges that on August 14, 1981, correctional officers Myers, Galatine and Defendant Lohr watched another inmate stab the Plaintiff five times with a deadly weapon in Plaintiff's upper body without making any effort to intervene. Plaintiff further alleges that on August 14, 1981, correctional officer Bradley, as acting hall captain, failed to protect Plaintiff, inasmuch as it was Bradley's alleged responsibility to see to it that the other inmate did not have a deadly weapon. On the basis of these allegations, Plaintiff moves this Court for leave to amend his complaint (1) so as to name Myers, Galatine and Bradley as additional Defendants and (2) so as to proceed under 42 U.S.C. § 1981.

## II. SCOPE OF AN INMATE'S CONSTITUTIONAL RIGHT TO BE PROTECTED FROM VIOLENCE AT THE HANDS OF HIS FELLOW INMATES

In addressing the scope of an inmate's constitutional right to be reasonably free from inmate violence, the Fourth Circuit has held that:

"[A] prisoner has a constitutional right 'to be reasonably protected from the constant threat of violence and sexual assault from his fellow inmates ...' To obtain relief, he must show 'a pervasive risk of harm to inmates from other prisoners' and that prison officials have failed to exercise reasonable care to prevent prisoners from intentionally inflicting harm or creating unreasonable risks of harm to other prisoners.

A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution."

*Withers v. Levine,* 615 F.2d 158, 161 (4th Cir.) *cert. denied,* 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980), *citing Woodhous v. Virginia,* 487 F.2d 889 (4th Cir. 1973).

In discussing what constitutes a "pervasive risk of harm," the *Withers* court concluded that prison conditions need not deteriorate to a degree approaching anarchy. Rather, the court determined that:

"It is enough that violence ... occur ... with sufficient frequency that ... prisoners ... are put in reasonable fear for their safety and ·to reasonably appraise prison officials of the existence of the

---

**4.** When considering a motion to dismiss pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure, the complaint must be construed in a light most favorable to the Plaintiff and its allegations taken as true. Only when it appears that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief should the motion be granted. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Johnson v. Mueller,* 415 F.2d 354 (4th Cir. 1969); *Brock & Davis Co. v. Charleston National Bank,* 443 F.Supp. 1175 (S.D.W.Va. 1977).

In applying this standard, however, courts have been careful to distinguish between material factual allegations which must be taken as true on a motion to dismiss, and legal conclusions which are not supported by the complaint's factual allegations. Courts need only assume the veracity of the former. *See Challenger v. Local Union No. 1 of the International Bridge, Structural and Ornamental Ironworkers,* 619 F.2d 645, 649 (7th Cir. 1980) ("A motion to dismiss admits only allegations of fact, not legal conclusions."); *K-Mart Corp. v. Midcon Realty Group of Connecticut, Ltd.,* 489 F.Supp. 813 (D.Ct.1980).

problem and the need for protective measures.

It is not necessary to show that all prisoners suffer a pervasive risk of harm. It is enough that an identifiable group of prisoners do . . . .

\* \* \* \* \* \*

When there is present in a prison or in an identifiable portion of it, a pervasive risk of harm to all prisoners, or to an identifiable group of them, the constitutional prohibition against cruel and unusual punishment requires that prison officials exercise reasonable care to provide reasonable protection from such unreasonable risk of harm. Given the pervasive and unreasonable risk of harm, negligence by prison officials in their performance of their duty of care is a violation of the constitutional right actionable under § 1983. The constitutional right would often remain unredressed if a higher standard of care were required."

*Withers v. Levine, supra,* at 161–62.

In addressing supervisory correctional officials' potential liability under *Withers,* the Fourth Circuit has stated:

"There is no question about the legal principle that where prison supervisors with knowledge of 'a pervasive and unreasonable risk of harm' to the prisoners, fail to take reasonable remedial steps to prevent such harm, their conduct may be properly characterized as 'deliberate indifference' or as 'tacit authorization of the offensive acts,' for which they may be held independently liable under § 1983 . . . . However, 'A pervasive risk of harm [under this principle] may not ordinarily be shown by pointing to a single incident or isolated incidents,' *Withers v. Levine,* 615 F.2d at 161, nor is a '[s]howing that individual officers violated a person's constitutional rights on an isolated occasion . . . sufficient to raise an issue of fact whether adequate training and procedures were provided' . . . ."

*Orpiano v. Johnson,* 632 F.2d 1096, 1101 (4th Cir. 1980), *cert. denied,* 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1980).

### III. PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION UNDER SECTION 1983 AGAINST WARDEN BORDENKIRCHER, DEPUTY WARDEN HEDRICKS AND ACTING HALL CAPTAIN BRADLEY

■ Plaintiff's sole reason for naming Bordenkircher and Hedricks as Defendants and for seeking to name Bradley as an additional Defendant in this action is that they are supervisory correctional officials at the West Virginia Penitentiary. In *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977), the court held that the doctrine of respondeat superior generally is not applicable to a Section 1983 action. Supervisory officials may be liable for the acts of their subordinates, however, if they actually participate or acquiesce in the alleged deprivation of civil rights,[5] or if they fail to supervise and control subordinates,[6] or if they have knowledge of a pervasive risk of harm and fail "to take reasonable remedial steps to prevent such harm."[7]

■ In the case at bar, Plaintiff has made no factual allegations which would provide this Court with a rational basis for concluding that Bordenkircher, Hedricks or Bradley either personally participated or acquiesced in the discrete event which allegedly deprived Plaintiff of his civil rights. Furthermore, the Fourth Circuit has clearly indicated that supervisory correctional officials are not liable under Section 1983 on the basis of either a "pervasive risk of harm" theory or a "failure to train and supervise" theory, where Plaintiff has complained of nothing more than a single, isolated assault by another inmate. *See Orpiano v. Johnson, supra,* at 1101. This Court finds, therefore, that Plaintiff has not stated a cause of action under Section 1983

**5.** *Bursey v. Weatherford,* 528 F.2d 483 (4th Cir. 1975), reversed on other grounds 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

**6.** *Davis v. Zahradnick,* 600 F.2d 458 (4th Cir. 1979).

**7.** *Orpiano v. Johnson, supra,* at 1101.

against Bordenkircher, Hedricks or Bradley. Accordingly, this Court hereby grants Defendants Bordenkircher's and Hedricks' motion to dismiss, and denies Plaintiff's motion to amend his complaint so as to name Bradley as an additional Defendant.

## IV. PLAINTIFF'S CAUSE OF ACTION UNDER SECTION 1983 AGAINST CORRECTIONAL OFFICERS LOHR, GALATINE AND MYERS

In *Orpiano, Withers* and *Woodhous,* the Fourth Circuit only addressed supervisory prison officials' liability for the deprivation of an inmate's constitutional right to be protected from violence at the hands of his fellow inmates. In *Gordon v. Leeke,* however, the Fourth Circuit held that a state prisoner states a cause of action under Section 1983 when he alleges that prison guards "were present and saw" the Plaintiff being assaulted by another inmate, "but, nevertheless, declined to intervene and permitted the assault to continue." *See Gordon v. Leeke,* 574 F.2d 1147, 1152 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

In the case at bar, Plaintiff alleges that Lohr, Galatine and Myers stood by and watched another inmate stab Plaintiff five times in his upper body without making any effort to intervene on Plaintiff's behalf. Notwithstanding that Plaintiff merely complains of a single, isolated assault, these correctional officers' alleged failure to act cannot be characterized as mere negligence. Rather, it is nothing less than an egregious failure to safeguard Plaintiff's physical integrity. This Court finds, therefore, that Plaintiff has stated a cause of action under Section 1983 against Lohr, Galatine and Myers.[8] Accordingly, this Court hereby denies Defendant Lohr's motion to dismiss, and grants Plaintiff's motion to amend his complaint to name Galatine and Myers as additional Defendants.

## V. PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION UNDER SECTION 1983 AGAINST CORRECTIONAL OFFICER CHILDS

Federal courts have accepted the general proposition "that an isolated attack by one prisoner upon another does not constitute cruel and unusual punishment and that an isolated [negligent] act or omission by a prison official [or guard] which allows an attack to occur is not constitutionally actionable." *See, e.g., Woodhous v. Virginia, supra; VanHorn v. Lukhard,* 392 F.Supp. 384, 387 (E.D.Va.1975), citing *Penn v. Oliver,* 351 F.Supp. 1292 (E.D.Va.1971).

"[E]ven if a prison official fails through his negligence to prevent an act of violence, a violation of constitutional right is not of necessity stated. To the contrary, there must be a showing either of a pattern of indisputed and unchecked violence or, on a different level, of an egregious failure to provide security to a particular inmate, before a deprivation of constitutional right is stated. An isolated act or omission by a prison official that allows an attack to occur and which involves only simple negligence does not, absent special circumstances, [state a cause of action under Section 1983.]"

*Penn v. Oliver, supra,* at 1294. *Cf., Inmates, Washington County Jail v. England,* 516 F.Supp. 132, 139–40 (E.D.Tenn.1980); *Knight v. People of the State of Colorado,* 496 F.Supp. 779, 780 (D.Colo.1980).

In the case at bar, Plaintiff's only allegation which pertains to Defendant Childs is that Childs was not present at his duty post in North Hall when Plaintiff was assaulted. This single allegation states nothing more than an isolated instance of negligence. This Court finds, therefore, that Plaintiff has not stated a cause of action under Section 1983 against Defend-

---

**8.** This Court may entertain a Section 1983 action only where Plaintiff alleges that he has suffered a deprivation of some rights secured by the constitution or some other law of the United States. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Maine v.* *Thiboutet,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). In addition, Defendants must have acted under color of state law when depriving Plaintiff of such right. *Adickes v. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

ant Childs. Accordingly, this Court hereby grants Childs' motion to dismiss.

## VI. PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION UNDER SECTION 1981

 42 U.S.C. § 1981 provides:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Since this statute is based on the Thirteenth rather than the Fourteenth Amendment,[9] a plaintiff must allege a *racially* discriminatory purpose in order to state a cause of action under Section 1981. *See Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Olivares v. Martin*, 555 F.2d 1192 (5th Cir. 1977); *Woods v. State*, 469 F.Supp. 1127 (S.D.N.Y.1979); *Bergstrom v. Bergstrom*, 478 F.Supp. 434 (D.N.D. 1979). *See generally, Tillman v. Wheaton-Haven Recreation Ass'n.*, 517 F.2d 1141 (4th Cir. 1975).

 Neither Plaintiff's original nor amended complaints contain any allegations from which this Court could reasonably infer that Defendants' failure to intervene to stop the assault was motivated by a racially discriminatory purpose. This Court finds, therefore, that Plaintiff has not stated a cause of action under Section 1981. Accordingly, Plaintiff's motion to amend his complaint so as to proceed under 42 U.S.C. § 1981 is hereby denied.

## VII. ORDER

Inasmuch as this Court has granted Plaintiff's motion to amend his complaint so as to name Galatine and Myers as additional Defendants in this action, the Clerk of this Court is directed to file Plaintiff's amended complaint. It is ORDERED that civil process under *Rule* 4, Federal Rules of Civil Procedure, issue as to these additional Defendants and that a copy of the process as served and the amended complaint filed be made available to the office of the Attorney General of West Virginia.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the Plaintiff.

---

**9.** *Gourdine v. Ellis,* 435 F.Supp. 882 (D.S.C. 1977).