759 F.Supp. 655 (1991)
Dale ZAWACKI, Plaintiff,
v.
CITY OF COLORADO SPRINGS, et al., Defendants.
Civ. A. No. 89-S-1011.
United States District Court, D. Colorado.
March 20, 1991.
*656 *657 *658 Dennis Hartley, Colorado Springs, Colo., for plaintiff.
Philip Vaglica, Ann Maenpaa, Patricia Kelly, Colorado Springs, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
SPARR, District Judge.
THIS MATTER comes before the court on a motion for summary judgment by the County Defendants and a motion for summary judgment by the City Defendants. The court has reviewed the motions, the exhibits, the entire court file, the applicable law, has heard argument from counsel in open court, and is fully advised in the premises. The court incorporates herein its oral comments made in open court and ORDERS as follows.
Initially, the Plaintiff has represented that he does not intend to pursue his claims against County Commissioners Gary Shupp, Loren Whittemore, Marcy Morrison, Jeri Howells, and James Campbell or against City Council members Robert M. Isaac, Leon Young, Wayne Fisher, Mary Lou Makepeace, Mary Ellen McNally, Frank Parisi, Randall Purvis, Mary Vieth, and David White. Those Defendants are, therefore, dismissed.
The court will address the motions as they concern Plaintiff's 42 U.S.C. § 1983 claims against County Defendants El Paso County, Sheriff Bernard Barry, Deputy Sheriffs David E. Smith and William Mistretta and against City Defendants City of Colorado Springs, Chief of Police James Munger, and Police Officers Sue Duffy and Phil Dancy.

The Standard for Summary Judgment:
Fed.R.Civ.P. 56 provides in pertinent part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
In a trilogy of cases, the United States Supreme Court set down the standard for consideration of summary judgments. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Justice Powell in Matsushita *659 Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) emphasized that in the face of a summary judgment, the non-movant must come forward with specific facts showing a genuine issue for trial. Justice White in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986) set forth the Court's position on what constitutes "genuine issues of material fact" precluding the entry of summary judgment. Justice White stated:
"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment `shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original)
"... there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 1592-1593, 20 L.Ed.2d 569 (1968), cited in Anderson, 477 U.S. at 249, 106 S.Ct. at 2510.
The standard enunciated by Justice White mirrors, in his words, the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) which dictates that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. Anderson, 477 U.S. at 250, 106 S.Ct. at 2511, quoting Brady v. Southern R. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943). It has long been the law that judges are not required to submit a question to the jury merely because some evidence has been introduced by the party bearing the burden of proof. Such issues need only be submitted where the evidence is sufficient to warrant a jury verdict in favor of the party in question. This mandate requires more than a scintilla of evidence. Rather, it requires an inquiry by the court before submitting matters to juries as to whether there is sufficient evidence upon which a jury could properly proceed to find a verdict for the party bearing the burden of proof. Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867 (1872), quoted with approval in Anderson, 477 U.S. at 251, 106 S.Ct. at 2511.
It is clear that a Plaintiff may not rest on mere allegations to get a question to a jury without significant probative evidence tending to support the complaint. Anderson, 477 U.S. at 249, 106 S.Ct. at 2510, citing First National Bank of Arizona, 391 U.S. at 290, 88 S.Ct. at 1593 (emphasis added). It is incumbent upon the trial judge to grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. The inquiry performed is the threshold inquiry of determining whether there is a need for trial  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Official Capacity Liability vs. Personal Capacity Liability:
Section 1983 personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Section 1983 official capacity suits, in contrast, generally represent another way of pleading an action against an entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-67, 105 S.Ct. 3099, 3104-06, 87 L.Ed.2d 114 (1985). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is to be treated as a suit against the entity. Graham, 473 U.S. at 166, 105 S.Ct. at 3105. To establish personal liability in a *660 Section 1983 action, it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right. More is required in an official capacity action, however, for a governmental entity is liable under Section 1983 only when the entity itself is a moving force behind the alleged deprivation. Thus, in an official capacity suit, the entity's policy or custom must have played a part in the violation of federal law. When it comes to defenses to liability, an official in a personal capacity action may be able to assert personal immunity defenses, such as qualified immunity. Graham, 473 U.S. at 166, 105 S.Ct. at 3105.

Liability of Deputy Sheriffs Smith and Mistretta and Officers Duffy and Dancy:
Initially, Zawacki claimed that Deputy Sheriffs Smith and Mistretta and Officers Duffy and Dancy forced him to lay on broken glass during the search. He has since retracted that claim, both in his deposition testimony and in open court at the hearing on the motions for summary judgment. The essence, therefore, of Zawacki's claim is that the warrant that Smith, Mistretta, Duffy, and Dancy relied upon was overbroad and not based on probable cause. The Plaintiff has no other evidence that these officers caused him any constitutional harm.
The affirmative defense of qualified immunity is available to government officials in actions brought pursuant to Section 1983. Gomez v. Toledo, 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). The defense of qualified immunity is available to all government officials, including police officers. Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). A government official is entitled to immunity from liability if the official's conduct as alleged in the complaint did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); Rozek v. Topolnicki, 865 F.2d 1154 (10th Cir.1989); Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 645 (10th Cir.1988).
Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action turns on the objective reasonableness of the action. Anderson, 483 U.S. at 639, 107 S.Ct. at 3038; Harlow, 457 U.S. at 819, 102 S.Ct. at 2738. A plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Anderson, 483 U.S. at 640, n. 2, 107 S.Ct. at 3039 n. 2; Pueblo Neighborhood, 847 F.2d at 645.
The questions of what the current applicable law is, whether that law was clearly established at the time the official's action occurred, and whether the official's acts were objectively reasonable are questions of law for the court to determine. England v. Hendricks, 880 F.2d 281, 283-84 (10th Cir.1989), cert. denied ___ U.S. ___, 110 S.Ct. 1130, 107 L.Ed.2d 1036 (1990). The question of whether the official acted in an objectively reasonable manner is one to be resolved by the court. Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985). Unless the essentially legal question of whether the defendant's conduct violated clearly established law can be resolved affirmatively, the action should be dismissed. Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815; Wolfenbarger v. Williams, 826 F.2d 930, 932 (10th Cir.1987). If material factual disputes exist with regard to the actions of the official, summary judgment on the basis of qualified immunity is not possible. DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 718-20 (10th Cir. 1988).
Qualified immunity will shield deputies Smith and Mistretta and officers Duffy and Dancy from personal liability under Section 1983 unless Plaintiff can show that their actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818, 102 S.Ct. at 2738; Rozek, 865 F.2d 1154; Pueblo Neighborhood, 847 F.2d at 645. In two recent cases, the Supreme Court has defined the scope of *661 qualified immunity for police officers sued when the actions they have taken implicate Fourth Amendment interests. In Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 1097-98, 89 L.Ed.2d 271 (1986), the Court held that officers applying for arrest or search warrants will lose the shield of immunity only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable. The test is "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization". Id. 475 U.S. at 345, 106 S.Ct. at 1098. In Anderson, 483 U.S. at 641, 107 S.Ct. at 3039, the Court held that the shield of immunity protects police officers from liability for warrantless searches as long as the "objective (albeit fact-specific) question whether a reasonable officer could have believed [the] warrantless search to be lawful" can be answered affirmatively. See Jones v. City and County of Denver, Colo., 854 F.2d 1206 (10th Cir.1988).
The existence of qualified immunity for police officers who rely on a warrant is determined by an inquiry into the objective good faith of the officers. Specht v. Jensen, 832 F.2d 1516 (10th Cir. 1987), cert. denied 488 U.S. 1008, 109 S.Ct. 792, 102 L.Ed.2d 783 (1989). The same standard of objective reasonableness that is applied in the context of a suppression hearing, United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest. Malley, 475 U.S. at 344-45, 106 S.Ct. at 1097-98. A police officer called upon to execute an arrest warrant is entitled to assume that the warrant was validly obtained. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306 (1971). It has been similarly concluded that for purposes of Section 1983 immunity, an officer is entitled to assume the validity of a search warrant secured by fellow officers. Morris v. County of Tehama, 795 F.2d 791, 795 (9th Cir.1986).
The Fourth Amendment states that search warrants may be issued only on probable cause particularly describing the place to be searched and the persons or things to be seized. A search warrant must describe the place to be searched with sufficient particularity so that the executing officer can locate and identify it with reasonable effort. United States v. Dorrough, 927 F.2d 498 (10th Cir.1991), citing United States v. Mabry, 809 F.2d 671, 681 (10th Cir.1987), cert. denied 484 U.S. 874, 108 S.Ct. 33, 98 L.Ed.2d 164 (1987). Practical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the premises to be searched. Id., citing United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965).
Although the actual physical characteristics of the Plaintiff's residence may have varied to some degree from the description contained in the warrant, this court concludes it was objectively reasonable for these four officers to believe that the warrant was not overbroad in including Zawacki's cottage in the area to be searched and to believe that the warrant was in fact valid. Under the principles of qualified immunity for officers who rely on a search warrant, it was objectively reasonable for Smith, Mistretta, Duffy, and Dancy to rely on the facially valid search warrant. Therefore, they did not violate any clearly established statutory or constitutional right of which a reasonable person would have known and they are qualifiedly immune from this lawsuit. Accordingly, these four Defendants should be dismissed.

Liability of Sheriff Barry and Chief of Police Munger:
Zawacki alleges that Sheriff Barry and Chief of Police Munger are liable under Section 1983 for (1) failure to supervise properly the training and conduct of the deputy sheriffs and police officers involved in the alleged constitutional deprivation, and (2) failure to promulgate and issue orders, rules, instructions, and regulations governing the issuance and execution of search warrants. In oral argument on the *662 motions, Plaintiff concentrated primarily on the alleged failure to adequately train Deputy Sheriff Smith.
Supervisors are not subject to vicarious liability, but are liable only for their own conduct. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Where plaintiffs allege there is an official policy condoning or authorizing unconstitutional acts, plaintiffs must demonstrate an "affirmative link" between the unconstitutional act and the adoption of a plan or policy by the supervisors, express or otherwise, showing their authorization or approval of such misconduct. Rizzo v. Goode, 423 U.S. 362, 370-71, 96 S.Ct. 598, 603-04, 46 L.Ed.2d 561 (1976). Superior officers who have no affirmative link with the misconduct cannot be held liable under Section 1983. McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir.1979). In order to be held liable for acts of a subordinate, the superior must have participated or acquiesced in the alleged constitutional deprivations. Kite v. Kelley, 546 F.2d 334, 337 (10th Cir.1976). A plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. Boren By & Through Boren v. City of Colorado Springs, 624 F.Supp. 474, 481 (D.Colo.1985).
Here, Plaintiff presents no evidence of any official policy of Sheriff Barry or Chief Munger condoning or authorizing unconstitutional acts. Nor does Plaintiff present any evidence of an "affirmative link" between the alleged unconstitutional act and the adoption of such a plan or policy showing authorization or approval of the alleged misconduct. There are no facts to support the allegation that Sheriff Barry and Chief Munger failed to promulgate rules or regulations governing the issuance and execution of search warrants.
A supervisor or police chief may be held liable if he breaches his duty to train subordinates, to supervise or correct misconduct of which he has notice, or establish department procedures that will provide protection for constitutional rights. McClelland, 610 F.2d at 696-97. The inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom subordinate police officers or deputy sheriffs come into contact. City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). A supervisor or municipality may be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable. Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988). Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality a "policy" as defined by prior cases  can a city be liable for such a failure under Section 1983. City of Canton, 489 U.S. at 389, 109 S.Ct. at 1205.
Under these standards, Plaintiff's allegations and evidence do not support a failure to properly train or supervise. Plaintiff has not come forward with any evidence that Sheriff Barry or Chief Munger were put on notice of any misconduct by their deputy sheriffs or police officers. The facts show that Smith was extensively trained, not only with regard to general duties over his twelve years of service with the Sheriff's Department, but also specifically with regard to narcotics investigation. In support of his claim, Plaintiff points to Deputy Smith's deposition, wherein Smith indicates he had little training prior to the search in question. But, under the standards for summary judgment, Plaintiff has failed to establish that the alleged failure by Sheriff Barry and Chief Munger to train their subordinates amounts to deliberate indifference to the rights of persons with whom those police officers or deputy sheriffs come into contact. City of Canton, 489 U.S. at 388, 109 S.Ct. at 1204. Accordingly, Sheriff Barry and Chief Munger must be dismissed.

Liability under Section 1983 of El Paso County and City of Colorado Springs:
In City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 924, 99 *663 L.Ed.2d 107 (1988), the Supreme Court (Justice O'Connor with the Chief Justice and two Justices concurring and three Justices concurring in the judgment) held that municipalities and other local government entities may be liable under Section 1983 only for acts for which the government entity is actually responsible, that is, acts which the government entity officially sanctioned or ordered. Although the test has been differently stated, a municipality is liable under Section 1983 if there is a direct causal connection between the municipal policies in question and the alleged constitutional deprivation. City of Canton, 489 U.S. at 385, 109 S.Ct. at 1203; Berry v. City of Muskogee, 900 F.2d 1489, 1499 (1990). In order to hold El Paso County and/or the City of Colorado Springs liable under Section 1983, the Plaintiff must establish the existence of a government policy that caused the alleged deprivation of his federal rights. Monell, 436 U.S. at 694-95, 98 S.Ct. at 2037-38. This government policy must be the result of a deliberate choice to follow a course of action made from among various alternatives. Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 1300-1301, 89 L.Ed.2d 452 (1986). For purposes of imposing Section 1983 liability upon El Paso County and/or the City of Colorado Springs, the alleged unconstitutional action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the County's or the City's business. Praprotnik, 108 S.Ct. at 924. El Paso County and the City of Colorado Springs cannot be held liable under Section 1983 unless Plaintiff can prove the existence of an unconstitutional County or City policy. Praprotnik, 108 S.Ct. at 926.
In this case, Plaintiff alleges one single incident of unconstitutional activity. Section 1983 liability cannot be imposed on the basis of a single incident of misconduct by a low-level officer without submitting proof of any action taken by a municipal policymaker. Oklahoma City v. Tuttle, 471 U.S. 808, 821, 105 S.Ct. 2427, 2435, 85 L.Ed.2d 791 (1985), reh. denied 473 U.S. 925, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985). Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, 436 U.S. 658, 98 S.Ct. 2018, without proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24, 105 S.Ct. at 2436-37. And where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident is necessary to establish both the requisite fault on the part of the municipality and the causal connection between the alleged policy and the constitutional deprivation. Tuttle, 471 U.S. at 823-24, 105 S.Ct. at 2436-37.
Plaintiff utterly fails to establish the existence of a government policy that was the moving force behind the alleged deprivation of his federal rights. Monell, 436 U.S. at 694-95, 98 S.Ct. at 2037-38. Therefore, there can be no liability on the part of El Paso County or the City of Colorado Springs.
ACCORDINGLY, IT IS ORDERED, the County Defendants' Motion for Summary Judgment is GRANTED. Defendants El Paso County, Sheriff Bernard Barry, and Deputy Sheriffs David E. Smith and William Mistretta are hereby DISMISSED.
IT IS FURTHER ORDERED that the City Defendants' Motion for Summary Judgment is GRANTED. Defendants City of Colorado Springs, Chief of Police James Munger, and Police Officers Sue Duffy and Phil Dancy are hereby DISMISSED.
IT IS FURTHER ORDERED that Defendants County Commissioners Gary Shupp, Loren Whittemore, Marcy Morrison, Jeri Howells, and James Campbell are DISMISSED.
IT IS FURTHER ORDERED that City Council members Robert M. Isaac, Leon Young, Wayne Fisher, Mary Lou Makepeace, Mary Ellen McNally, Frank Parisi, Randall Purvis, Mary Vieth, and David White are DISMISSED.
IT IS FURTHER ORDERED that this civil action is DISMISSED. The Clerk of the Court is directed to enter judgment for *664 the Defendants on both of the Plaintiff's claims.