Dr. Edward J. ROZEK,
Plaintiff–Appellant,

v.

John A. TOPOLNICKI, Jr.; Larry Reisdorff; Hugh Liddle; the University of Colorado; and the Office of the District Attorney for the 18th Judicial District, State of Colorado, Arapahoe County, Defendants–Appellees.

Nos. 87–1603, 87–2185.

United States Court of Appeals,
Tenth Circuit.

Jan. 12, 1989.

Robert T. McAllister of Martin & McAllister, P.C., Denver, Colo., for plaintiff-appellant.

David R. Brougham (Malcolm Mead with him, on the brief) of Hall & Evans, Denver, Colo., for defendants-appellees John A. Topolnicki, Jr. and the Office of the Dist. Atty. for the 18th Judicial Dist., State of Colo., Arapahoe County.

Elizabeth H. McCann of Cooper & Kelley, P.C., Denver, Colo., for defendants-appellees Larry Reisdorff, Hugh Liddle and the University of Colorado.

Before McKAY and BRORBY, Circuit Judges, and PARKER, District Judge.*

PARKER, District Judge.

In these consolidated appeals, plaintiff-appellant Dr. Edward J. Rozek (Rozek) appeals from two orders of the district court granting defendants-appellees' motions for summary judgment on federal claims and dismissing Rozek's pendent state claims.

Rozek, a tenured professor at the University of Colorado, was married to Doris Buffett[1] for two years. Shortly after an acrimonious divorce that ended the marriage in 1980, Buffett reported to the University that Rozek had been embezzling funds. The University began an investigation. For reasons not apparent in the record, the Boulder County District Attorney requested the Boulder County District Court to appoint a special prosecutor to investigate possible violations of Colorado law by Rozek. In November, 1980, the Boulder County District Court appointed defendant-appellee Topolnicki, the chief deputy district attorney in the Office of the District Attorney for the Eighteenth Judicial District of the State of Colorado, as special prosecutor to investigate Rozek's activities. Topolnicki commenced his investigation, and soon thereafter the University ceased its investigation.

Topolnicki headed an investigative team that included defendant-appellee Reisdorff, who was a detective in the University police department, and defendant-appellee Liddle, who was an auditor employed by the University. Doris Buffett assisted the investigative team, despite Rozek's allega-

tions that she had burglarized his office and "leaked" slanted news stories to the campus newspaper. The investigation continued for three years. During that period, Topolnicki obtained approximately 20 search warrants. Rozek contended that some of these were timed and were executed in a manner designed to embarrass him in front of University students. On April 14, 1983, Topolnicki caused 21 felony counts to be filed against Rozek in state court for theft and obstruction of Topolnicki's investigation. On November 10, 1983, 16 of these counts were dismissed for reasons that do not appear in the record. The remaining five counts were resolved on October 12, 1984 in a manner not made clear by the appellate record.[2]

On May 8, 1985, Rozek filed a civil rights action against defendants in the United States District Court for the District of Colorado. Rozek's Complaint alleged a conspiracy to violate his rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as pendent state claims for defamation, invasion of privacy, malicious prosecution, abuse of process, outrageous conduct, interference with business relations, and theft. Topolnicki and the Office of the District Attorney filed motions for summary judgment.

On April 23, 1987, the district court orally ruled that Topolnicki had absolute immunity from suit as a court-appointed prosecutor, that there was no clearly established constitutional violation alleged in the Complaint, and that some of the claims alleged in the Complaint were barred by the statute of limitations. Consequently, the district court dismissed the Complaint against Topolnicki and the Office of the District Attorney. The district court also orally

---

* The Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

1. Although Doris Buffett was named as a defendant, apparently she was never served with process, and is not involved in this appeal.

2. As discussed below, Rozek disagrees with defendants as to the resolution of the last five

counts. He contends that these counts were dismissed; defendants, on the other hand, assert that the counts were resolved through a deferred prosecution. The record on appeal does not clarify this dispute. For purposes of the motions for summary judgment, however, resolution of this question is unnecessary.

dismissed Rozek's pendent state claims against all defendants, on its own motion.

On July 23, 1987, the court issued a written order granting summary judgment to the remaining defendants and dismissing the rest of the allegations of the Complaint. The court held that defendants Reisdorff and Liddle were entitled to qualified immunity because they were working under Topolnicki's direction, and that Rozek had not shown they had violated any clearly established constitutional or statutory rights of which they knew or should have known at the time of their acts.

Rozek argues on appeal that the district judge erred in granting summary judgment because there existed genuine issues of material fact as to the immunity defenses. Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to " 'secure the just, speedy and inexpensive determination of every action.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "If defendants challenge the complaint by a motion for summary judgment supported by evidence controverting plaintiff's allegations, the court must consider ... whether plaintiff's counteraffidavits or other evidence demonstrate a triable conflict on facts material to

defendants' defense." *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*, 844 F.2d 714, 719 (10th Cir.1988). In the absence of such a triable conflict, the movant is entitled to summary judgment.

Rozek asserts that the record reveals "literally dozens of factual issues that are hotly contested." Reply Brief of Plaintiff/Appellant Dr. Edward J. Rozek, at 2. For the most part, Rozek relies on the allegations of his Complaint as proof that genuine issues of material fact exist. For example, Rozek contends that he should be entitled to prove at trial that defendants "(i) conspired to investigate Dr. Rozek for the purpose of eliminating his financial support; (ii) made false statements and misrepresentations to the District Court in order to obtain search warrants, and (iii) wrongfully seized Dr. Rozek's personal property and illegally held it until this lawsuit was filed." Consolidated Brief of Plaintiff/Appellant Dr. Edward J. Rozek, at 20. Rozek cites to nothing in the record beyond the allegations in his Complaint to establish the existence of genuine issues of material fact as to these contentions.

Rozek points to only five factual issues that involve conflicting evidence as opposed to mere allegations.[3] None of these, however, create genuine issues of material fact precluding entry of summary judgment on behalf of defendants Topolnicki, Liddle or Reisdorff on the basis of qualified immunity.[4] The five factual issues identified by

3. When Rozek originally responded to defendants' motions for summary judgment, he included as supporting evidence only a letter from the Secretary of the University of Colorado stating that the University failed to unearth evidence of wrongdoing against Dr. Rozek (Exhibit A), and an affidavit from Daniel Hale, a licensed attorney, attesting to defendant Topolnicki's desire to generate publicity concerning Rozek's arrest (Exhibit B). Although Rozek referred to three depositions of defendant Topolnicki in his response to defendants' motions, he did not place in the court record any portions of these depositions in opposition to the motions for summary judgment. Also, Rozek did not include the depositions in the record on appeal. Rozek later moved to supplement the record on appeal, and has, with court permission, submitted some, but not all, of the depositions to which he refers. Although these depositions were not before the district judge we have accepted Rozek's repre-

sentations as to the deposition testimony. Additionally, we have examined the depositions that were submitted and have determined that neither they nor Rozek's representations of the deposition testimony create a genuine issue of material fact.

4. As discussed above, the district judge granted defendant Topolnicki's motion for summary judgment because she found that defendant Topolnicki was absolutely immune from suit under the doctrine of prosecutorial immunity. She granted summary judgment in favor of defendants Liddle and Reisdorff on the basis of qualified immunity. We need not reach the question of whether defendant Topolnicki was entitled to summary judgment on the defense of prosecutorial immunity for all of his actions, because the record clearly reflects his entitlement to qualified immunity as a matter of law

Rozek as to which there is conflicting evidence in the record are:

(1) Whether Doris Buffett was part of the investigative team that investigated the allegations against Rozek;

(2) Whether the University of Colorado cleared Rozek of wrongdoing;

(3) Whether Rozek's claim of discrimination by the University of Colorado in awarding faculty salaries was resolved in his favor;

(4) Whether some of the felony counts against Rozek were resolved through a deferred prosecution instead of through outright dismissal; and

(5) Whether an affidavit used to obtain a search warrant contained a material false representation concerning the date on which Rozek delivered certain material to defendant Topolnicki.

None of these five questions involve *material* issues of fact because even if they were resolved in Rozek's favor, defendants Topolnicki, Liddle and Reisdorff would still be entitled to qualified immunity for their handling of the investigation and prosecution.

■ The doctrine of qualified immunity provides that government officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The plaintiff has the burden of proving that the law was "clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 645 (10th Cir.1988); *see also Lutz v. Weld County School Dist.,* 784 F.2d 340, 342–43 (10th Cir.1986). In order to satisfy this burden, the plaintiff may not merely identify in the abstract a clearly established right. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

The plaintiff has the additional burden of demonstrating how defendants' conduct violated clearly established law. *Pueblo Neighborhood Health Centers, Inc., supra,* at 646. For example, in the context of an allegation of unconstitutional arrest based on an affidavit that failed to establish probable cause, the Supreme Court held that an officer is entitled to qualified immunity unless "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 1097–98, 89 L.Ed.2d 271 (1986). Under this standard, the test "is whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* 475 U.S. at 345, 106 S.Ct. at 1098.

■ Rozek failed to establish that there were genuine issues of material fact regarding either the existence of "clearly established" law, or any violation of that law by defendants Topolnicki, Liddle and Reisdorff. As to the first four of his five factual issues, Rozek did not identify any "clearly established" constitutional rights that were violated by defendants' conduct, even if Rozek's version of the facts is accepted. As to the fifth factual issue, we assume *arguendo* that Rozek satisfied his burden of identifying a "clearly established" constitutional right implicated by a search warrant affidavit containing a misstatement. Nevertheless, he failed to show that there was a genuine, material factual issue concerning whether defendants' conduct violated that right. Rozek presented no evidence supporting his allegations that defendants conducted an illegal investigation. The affidavits submitted in support of defendants' applications for search warrants amply demonstrated the existence of probable cause to believe that the items specified would be located in the places to be searched, and that the items were necessary to demonstrate Rozek's allegedly illegal conduct. Even if one of the affidavits contained a misrepresentation concerning

for his actions in conducting the investigation and prosecuting the charges against Rozek.

the date on which Rozek delivered material to defendant Topolnicki, the substance of the affidavit nevertheless established probable cause to search. The misrepresentation, if one existed, was insignificant as to probable cause to search and did not create a genuine issue of *material* fact that would negate defendants' entitlement to qualified immunity.

In summary, Rozek did not meet the standards established in *Harlow, supra,* and *Celotex, supra,* because he failed to present evidence negating the individual defendants' entitlement to qualified immunity for their actions during the investigation and prosecution of the charges against Rozek. The district court correctly entered summary judgment in favor of defendants Topolnicki, Liddle and Reisdorff as to all of Rozek's claims against them.

Finally, Rozek argues that the district court erred when it granted summary judgment on behalf of the University of Colorado and the Office of the District Attorney on the basis of Eleventh Amendment immunity. It cannot be disputed that the Eleventh Amendment bars a damages action against a State in federal court. *See, e.g., Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985); *Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). Rozek argues, however, that neither the University of Colorado nor the Office of the District Attorney are agencies of the state that are entitled to claim Eleventh Amendment immunity, and that Congress abrogated the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983.

Rozek himself cited evidence and law that demonstrate that the University of Colorado is entitled to claim Eleventh Amendment immunity. *See* Colo.Rev.Stat. § 23–20–111 (1973 and Supp.1986); Colo. Rev.Stat. § 23–20–112 (1973 and Supp. 1986); *Uberoi v. University of Colorado,* 713 P.2d 894 (Colo.1986), *cited in* Reply Brief of Plaintiff/Appellant Dr. Edward J. Rozek, at 11–13. In *Uberoi,* the Colorado Supreme Court held that the University of Colorado is a "public entity" subject to suit under the Colorado Governmental Immunity Act. 713 P.2d at 898. As to the Office of the District Attorney, Rozek conceded that the District Attorney for the Eighteenth Judicial District was elected to an office for a district that encompassed four Colorado counties. R. Vol. I, # 5, at 9. The Colorado Supreme Court has held that the District Attorney is an executive officer of the state. *Beacom v. Bd. of County Commissioners,* 657 P.2d 440, 445 (Colo. 1983). The district court did not err in concluding that the Office of the District Attorney and the University of Colorado are entitled to Eleventh Amendment immunity in this case. Moreover, Congress did *not* abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Any remaining grounds for appeal have been found to be unsubstantial. The orders of the district court granting defendants-appellees' motions for summary judgment on federal claims and dismissing Rozek's complaint are, therefore, AFFIRMED.