968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerra POWELL, individually and as Personal Representative of
the Estate of Derek Powell, Deceased; Jakob Scott
Powell, By and Through his mother and
next friend, Jerra Powell,
Plaintiffs-Appellees,
v.
Kerry FOURNET, individually and in his official capacity as
Deputy Sheriff; Bradley Leach, in his official capacity as
Sheriff of Boulder County; The Board of County
Commissioners of the County of Boulder, Colorado,
Defendants-Appellants.
 No. 91-1255.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 1
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JOHN E. CONWAY, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 In this civil rights action, 42 U.S.C. § 1983, Defendant Kerry Fournet appeals the district court's order denying his motion for summary judgment on the issue of qualified immunity. See Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir.1992) (district court's decision denying qualified immunity is final, appealable order under 28 U.S.C. § 1291). Plaintiffs allege that Defendant, a Boulder County deputy sheriff, used excessive force when the deputy fatally wounded Plaintiffs' decedent while investigating a domestic disturbance. The issue presented by this appeal is whether, considering the facts in the light most favorable to Plaintiffs, a reasonable officer could have believed using deadly force against Plaintiffs' decedent was constitutionally permissible in light of clearly established law and the information Defendant possessed at the time of the shooting. See Austin v. Hamilton, 945 F.2d 1155, 1158 (10th Cir.1991). We review a determination on the issue of qualified immunity de novo. Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991). Upon consideration of the record and the parties' arguments, we affirm.
 
 
 6
 The undisputed facts, briefly summarized, are as follows: Defendant responded to a report of a disturbance, with gunshots fired. Upon arriving at the scene, Defendant checked with Plaintiffs' neighbors, the complaining parties, who informed Defendant that the couple next door had been involved in a loud domestic dispute all evening and that, about fifty minutes before Defendant arrived, the neighbors had heard two gunshots, followed by quiet. Defendant radioed for backup and then proceeded next door to Plaintiffs' residence. As Defendant approached the house, decedent exited the front door, carrying a shotgun. Defendant fired seven shots from his semi-automatic pistol, while retreating to a place of cover. Five of those seven shots hit decedent, one fatally wounding him in the head.
 
 
 7
 "The doctrine of qualified immunity provides that government officials 'generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Rozek v. Topolnicki, 865 F.2d 1154, 1157 (10th Cir.1989) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Once a defendant raises a qualified immunity defense, the plaintiff bears the burden of establishing that the law was clearly established at the time the incident at issue occurred and that the defendant's alleged conduct violated that law. See, e.g., Dixon, 922 F.2d at 1460.
 
 
 8
 Plaintiffs alleged that Defendant violated decedent's constitutional right to be free from excessive use of force by shooting decedent without provocation as he exited his house, carrying his shotgun, to investigate who was outside his home late at night. Because decedent, at the time of the shooting, had a clearly established constitutional right to be free from the use of force alleged, see Trujillo v. Goodman, 825 F.2d 1453, 1457 (10th Cir.1987), Plaintiffs have met their burden. Defendant argues that the district court erred in failing to determine, for purposes of his qualified immunity defense, whether that right should be analyzed under the Fourth or the Fourteenth Amendment. We agree with the district court that Plaintiffs' allegations satisfy their burden under either amendment. See Martin v. Board of County Comm'rs, 909 F.2d 402, 407 n. 5 (10th Cir.1990).
 
 
 9
 Once Plaintiffs met their burden, the burden shifted to Defendant, requiring him to establish that no genuine issue of material fact existed and that he was entitled to judgment as a matter of law. See Dixon, 922 F.2d at 1460. In support of his motion for summary judgment, Defendant relied on his own testimony that, as he approached Plaintiffs' residence to investigate the disturbance, decedent suddenly exited the house, squared around to face Defendant, while crouching in shooting stance. Defendant further testified that decedent then pointed a lever-action rifle at Defendant, while activating the lever to feed a round of ammunition into the firing chamber. Defendant asserted that, because he was thus under an imminent threat to his life, he was justified in using deadly force against decedent.
 
 
 10
 In opposing Defendant's summary judgment motion, Plaintiffs responded with the testimony of several expert witnesses who attempted to reconstruct the shooting. These experts testified that, in light of the paths Defendant's bullets travelled, the angles at which the bullets hit decedent, and the locations in which the bullets were found, Defendant must have begun shooting at decedent as he was exiting the house and before he could have squared around toward Defendant. In particular, Anthony DiVirgilio, a former police officer, testified that the first shots hit decedent before he had fully exited the door of the house, see Appellant's Supp.App., doc. 10 at 73, and that, in light of the narrow opening of the door at the time the shots were fired, it would have been "extremely difficult, if not impossible" for decedent to have raised his gun into a firing position aimed at Defendant until decedent had fully exited the house, see id. at 82-84. This evidence tends to negate Defendant's claim that he reasonably feared for his life at the time he shot decedent. In light of this conflicting evidence, there remains a genuine factual dispute over whether Defendant's use of deadly force against decedent was justified, precluding summary judgment.
 
 
 11
 Defendant further argues, however, that the district court erred in considering the testimony of two of Plaintiffs' experts, Charles Wilber, Ph.D., and Anthony DiVirgilio, in denying Defendant's motion for summary judgment. In denying the summary judgment motion, the district court indicated that Defendant's motion to strike the testimony of Plaintiffs' experts would be considered at trial. Defendant correctly asserts, however, that a trial court should determine whether an expert's testimony would be admissible at trial before considering that testimony in ruling on a motion for summary judgment. See Beyene v. Colemen Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir.1988) (trial court may consider only admissible evidence in ruling on summary judgment motion). While a determination of the credibility of the expert's testimony is not appropriate on summary judgment, see Hines v. Consolidated Rail Corp., 926 F.2d 262, 269 (3d Cir.1991), a trial court may inquire into the reliability and the foundation underlying the expert's opinion, Washington v. Armstrong World Indus., Inc., 839 F.2d 1121, 1123 (5th Cir.1988), as well as the qualifications of the witness to testify as an expert, Hines, 926 F.2d at 273.
 
 
 12
 Although the district court indicated that it would reserve ruling on Defendant's motion to strike until trial, it is also clear that the district court considered the experts' testimony in denying the summary judgment motion. Because review of the record indicates that the testimony of both experts was clearly admissible, the district court did not err in considering that evidence.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Plaintiffs' request for sanctions is DENIED.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3