67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry WALLER, Plaintiff-Appellant,
v.
MUSKOGEE COUNTY BOARD OF COMMISSIONERS, also known as Board
of County Commissioners of Muskogee County, Oklahoma;
McINTOSH COUNTY BOARD OF COMMISSIONERS, also known as Board
of Commissioners of McIntosh County, Oklahoma, MUSKOGEE
COUNTY DISTRICT COURT; McINTOSH COUNTY DISTRICT COURT,
Defendants-Appellees.
 No. 95-7043.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Terry Waller (Waller), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's order dismissing his 42 U.S.C.1983 civil rights action for damages and injunctive relief.
 
 
 3
 Waller is an inmate incarcerated at the Conner Correctional Facility, Hominy, Oklahoma. In Waller's 1983 action, he sued the Muskogee County District Court, the Muskogee County Commissioners, the State of Oklahoma, the McIntosh County Commissioners, and the McIntosh County District Court seeking injunctive relief and compensatory damages of $2,000,000 for allegedly denying him access to the courts and causing him mental and physical distress. Waller alleged that he had filed a number of pleadings, including applications to appeal out of time, petitions for writs of habeas corpus, and applications for post conviction relief, but that the Oklahoma state courts had failed to act on his applications and petitions, thus denying him access to the courts. Waller requested an order directing the state courts to answer his pending habeas corpus applications. Defendants-appellees moved to dismiss for failure to state a claim upon which relief could be granted.
 
 
 4
 On January 13, 1995, the district court entered an order granting the Muskogee County Board of Commissioners' motion to dismiss, finding that since no objections or responsive pleadings had been filed to their motion, the allegations made in their motion were confessed and therefore taken as true and correct making dismissal appropriate.
 
 
 5
 On January 15, 1995, the district court entered an order dismissing Waller's action in all respects. In so doing, the court found:
 
 
 6
 Plaintiff asks this court to order the two state court defendants to respond to his filed pleadings. Federal courts have no supervisory jurisdiction over state courts and are without authority to direct state courts to perform their duties....
 
 
 7
 With regard to Defendants McIntosh County Commissioners, plaintiff has failed to allege any facts sufficient to support his claim. Rather, plaintiff's complaint asserts that the commissioners "are responsible for the overall operations of the McIntosh County District Court." The court finds that this claim is merely conclusory, unsupported by allegations of fact and legally insufficient.
 
 
 8
 Plaintiff's complaint lists the State of Oklahoma as a defendant, but his motion in response to Defendants State of Oklahoma and McIntosh County District Court states that the State of Oklahoma is not a party to the lawsuit. Even if plaintiff intended to include the State of Oklahoma, he has failed to allege facts sufficient to support a 1983 cause of action.
 
 
 9
 This court authorized the commencement of this action in forma pauperis under the authority of 28 U.S.C.1915. Subsection (d) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis in law or fact....
 
 
 10
 Accordingly, this action is, in all respects, dismissed.
 
 
 11
 (R., Vol. I, Tab 14 at 1-2). Waller's motion for reconsideration was overruled.
 
 
 12
 On appeal, Waller contends that the district court erred in granting appellees' motions to dismiss.
 
 
 13
 We review dismissals de novo, construing the allegations in the complaint as true and in the light most favorable to the plaintiff. Graham v. Independent Sch. Dist. No. I-89, 22 F.3d 991, 993 (10th Cir.1994). Dismissal is proper only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Id.
 
 
 14
 The Eleventh Amendment prohibits federal courts from entertaining suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. Alabama v. Pugh, 438 U.S. 781, 782, cert. denied, 438 U.S. 915 (1978). "Unless a State has waived its Eleventh Amendment immunity or Congress has overriden it ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). "[W]e will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' " Florida Dept. of Health & Rehabilitative Serv. v. Florida Nursing Home Ass'n., 450 U.S. 147, 150 (1981) (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974)).
 
 
 15
 The Eleventh Amendment bars suits brought in federal court against a state and applies whether the relief sought is legal or equitable. Johns v. Stewart, 57 F.3d 1544, 1552 (10th Cir.1995). The primary purpose of the Eleventh Amendment "is to assure that the federal courts do not interfere with a state's public policy and its administration of internal public affairs." Blake v. Kline, 612 F.2d 718, 725 (3rd Cir.1979), cert. denied, 447 U.S. 921 (1980).
 
 
 16
 When a suit names a state official as the defendant, the Eleventh Amendment still bars the action if the state is the real party in interest. Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477, 1483 (10th Cir.1995); Meade v. Grubbs, 841 F.2d 1512, 1529-30 (10th Cir.1988). State officials sued in their official capacities are entitled to eleventh amendment immunity for damages. Rozek v. Topolnicki, 865 F.2d 1154, 1158 (10th Cir.1989).
 
 
 17
 State courts may not be sued pursuant to 1983; they are protected by Eleventh Amendment immunity. Mildfelt v. Circuit Court of Jackson County, Mo., 827 F.2d 343, 345 (8th Cir.1987). We hold no supervisory power over state judicial proceedings, Fero v. Kerby, 39 F.3d 1462, 1480 (10th Cir.1994), cert. denied, --- U.S. --- (1995), Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir.), cert. denied, --- U.S. --- (1994), and we are without authority to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n. 5 (10th Cir.1986).
 
 
 18
 The Eleventh Amendment prohibits federal courts from entertaining suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. Inasmuch as appellees have not consented to the filing of Waller's suit and we are without authority to direct the Oklahoma state courts in the performance of their duties, we hold that the district court did not err in dismissing Waller's complaint.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470