**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN JAMES ROMERO,

     Plaintiff - Appellant,

v.

BRUCE I. BROWN; JOHNNY
LOMBARDI; STEPHANIE CAVA;
DERIC GRESS; JUSTIN POLIDORI;
DANIEL ROPERS; BRYAN RIDGE;
MICOLE SLOAN; TOWN OF
BRECKENRIDGE; FIFTH JUDICIAL
DISTRICT ATTORNEY'S OFFICE;
BOARD OF COUNTY
COMMISSIONERS OF SUMMIT
COUNTY; SUMMIT COUNTY; DYMON
MARIE MYERS; PATRICIA VALDEZ-
ZONTEK,

     Defendants - Appellees.

_____

No. 20-1089
(D.C. No. 1:19-CV-01955-LTB-GPG)
(D. Colo.)

_____

KEVIN JAMES ROMERO,

     Plaintiff - Appellant,

v.

BRUCE I. BROWN; JOHNNY
LOMBARDI; STEPHANIE CAVA;
DANIEL TOM; ELIZABETH HUNT;
KYLE WHITAKER; JAKE SCOTT;
RICK WALLINGFORD; GALEN
PETERSON; TYLER STONUM; TOM
KOTZ; MICOLE SLOAN; TOWN OF
BRECKENRIDGE; FIFTH JUDICIAL
DISTRICT; BOARD OF COUNTY

No. 20-1090
(D.C. No. 1:19-CV-01430-LTB-GPG)
(D. Colo.)

COMMISSIONERS OF SUMMIT
COUNTY; SUMMIT COUNTY;
MONICA S. MCELYEA,

     Defendants - Appellees.

_____

KEVIN JAMES ROMERO,

     Plaintiff - Appellant,

v.

MOLLY CHILSON; LISA SCANGA;
CRYSTAL KEIM; FRED WEGNER;
ROBB D. SHIMP; LEFFLER; PARK
COUNTY SHERIFF'S OFFICE;
ELEVENTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE; BOARD OF
COUNTY COMMISSIONERS OF PARK
COUNTY; PARK COUNTY; DANIEL
ZETTLER; MONICA S. MCELYEA;
DYMON MARIE MYERS; PATRICIA
VALDEZ-ZONTEK,

     Defendants - Appellees.

No. 20-1091
(D.C. No. 1:19-CV-01429-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In these appeals, combined for dispositional purposes only, Kevin James Romero challenges the district court's dismissal of three civil rights actions he brought pro se under 42 U.S.C. §§ 1983 and 1985(3) while a Colorado state prisoner. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in each appeal.

## I. Background

### A. Nos. 20-1090 and 20-1091

Appeal No. 20-1090 stems from the investigation, arrest, and prosecution of Romero in Summit County, Colorado. The Breckenridge Police Department (BPD) arrested Romero in December 2016 after a bar fight on charges of second degree assault, harassment, and disorderly conduct. In 2017, a judge granted the district attorney's motion to dismiss the charges.

Appeal No. 20-1091 arises from the investigation, arrest, and prosecution of Romero in Park County, Colorado. In April 2017, Romero's girlfriend complained to the Park County Sheriff's Office (PCSO) that Romero was contacting her in violation of a protective order. The PCSO arrested Romero in May 2017 on charges of tampering with a victim/witness and twenty-three counts of violating a protective order. In 2019, a judge granted the district attorney's motion to dismiss the charges.

Romero's first filing in each of the instant cases was a motion to file a complaint in excess of the district court's thirty-page limit for prisoner complaints.[1] Finding Romero failed to demonstrate good cause for exceeding the page limit, a

_____

[1] When he filed these § 1983 actions, Romero was serving a prison sentence for his conviction in a different Colorado case.

magistrate judge denied those motions. Romero then filed thirty-page, single-spaced complaints in each case against multiple defendants, including state district attorneys and their offices, BPD and PCSO officers, various county defendants, and his court-appointed attorneys. In No. 20-1091, he also named as defendants a victim's advocate, his girlfriend, his mother, and the Office of the Colorado State Public Defender.

The magistrate judge identified and provided guidance on how to cure numerous substantive deficiencies in the complaints, including the application of *Heck v. Humphrey*, 512 U.S. 477 (1994); Eleventh Amendment immunity; prosecutorial immunity; lack of state action by defense counsel; the failure to adequately plead defendants' personal participation; municipal liability; and the elements required to plead a malicious prosecution claim. The magistrate judge also identified various formatting issues, including the failure to use double-spacing. Accordingly, the magistrate judge ordered Romero to file an amended complaint in each case.

After unsuccessfully seeking reconsideration of the magistrate judge's denials of his motions to exceed the page limitation, Romero filed the operative amended complaints in these two cases, each of which was thirty double-spaced pages in length. In each amended complaint, he asserted the same five Fourth and Fourteenth Amendment violations collectively against all defendants: (1) malicious prosecution; (2) destruction of and/or hiding exculpatory evidence; (3) manufacturing inculpatory evidence; (4) Equal Protection violations; and (5) conspiracy to violate his civil

4

rights in connection with the investigations, arrests, and prosecutions. He named the district attorneys and the BPD and PCSO officers in their individual and official capacities. Romero's theory was that the individual defendants conspired to arrest and convict him because they believed he was a "'cop killer'" R. (No. 20-1090) at 110; R. (No. 20-1091) at 104, and that the district attorneys moved to dismissed the charges to cover up the unconstitutional acts. He sought damages and equitable relief.

**B.     No. 20-1089**

Appeal No. 20-1089 arises out of the investigation, arrest, and prosecution of Romero in Summit County. The BPD arrested Romero in June 2018 on multiple charges, but in court he was advised only as to one count of violating a protective order, allegedly by sending text messages to his girlfriend. In August 2018, a judge granted the district attorney's motion to dismiss the charge.

Romero initiated this case by filing a twenty-nine-page, single-spaced complaint. The magistrate judge identified and provided guidance on how to cure the same deficiencies in the complaint as those in the other two cases and ordered him to file an amended complaint. Romero filed a motion to exceed the page limit, asserting that thirty pages was insufficient to set out the relevant factual allegations and address the deficiencies the magistrate judge outlined. The magistrate judge denied that motion. Romero then filed the operative amended complaint, which was twenty-nine double-spaced pages in length. He asserted the same five claims as in the other two cases against state district attorneys and their offices, BPD officers,

various county defendants, his girlfriend, and his mother. He named the district attorneys and the BPD officers in their individual and official capacities. He attributed the same "cop killer" motive to the individual defendants as he had in his other two cases, and he alleged that the district attorney moved to dismiss the charge to cover up the unconstitutional acts. He sought damages and equitable relief.

## C.    The magistrate judge's recommendations

Because Romero was a prisoner and the court granted him leave to proceed without prepayment of costs or fees, the magistrate judge reviewed the amended complaints in each case to determine if any claims were appropriate for summary dismissal as frivolous or because they sought relief against a defendant immune from monetary damages. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii), 1915A.[2] The magistrate judge issued substantially identical recommendations that the amended complaints should be dismissed.

First, the magistrate judge recommended dismissing the claims against the district attorneys based on absolute prosecutorial immunity. Romero alleged that the district attorneys in each case had violated his constitutional rights primarily in their investigative capacities, not their prosecutorial roles. But "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the

---

[2] None of the defendants in any of the three cases was served prior to dismissal of the actions, so none has entered an appearance in these appeals.

6

court." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009). Accordingly, the magistrate judge concluded Romero had not alleged any facts that fall outside the scope of that immunity. Instead, his allegations regarding the manufacture of inculpatory evidence, withholding or destruction of exculpatory evidence, refusing to investigate other suspects, conspiracy to manufacture probable cause, and acting with malice were conclusory. In particular, Romero failed to identify any evidence that was manufactured or destroyed. At most, the magistrate judge said, Romero's allegations showed that the district attorneys presented warrants and affidavits to judges knowing they contained false statements. But the magistrate judge concluded that those statements were made before a judge in a courtroom proceeding and therefore were protected by absolute prosecutorial immunity even if they were false. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270-71 (1993) (absolute prosecutorial immunity extends to "making false or defamatory statements during, and related to, judicial proceedings," which includes "appearing before a judge and presenting evidence in support of a motion for a search warrant"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (explaining that absolute prosecutorial immunity extends to acts "intimately associated with the judicial phase of the criminal process").

Next, the magistrate judge concluded the district attorney's offices (the Fifth Judicial District Attorney's Office and the Eleventh Judicial District Attorney's Office) were entitled to Eleventh Amendment immunity because they are state entities, the State of Colorado had not waived its Eleventh Amendment immunity,

7

*see Griess v. Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988), and the enactment of § 1983 did not abrogate that immunity, *see Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc).[3]

The magistrate judge then recommended dismissal of Romero's § 1983 claims against his court-appointed defense attorneys because such attorneys are not state actors and because Romero advanced no factual support for his conclusory allegations that they conspired with state actors. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

The magistrate judge further recommended dismissal of Romero's claims against the county defendants[4] because Romero had not demonstrated he suffered an injury caused by a policy or custom of any of those defendants, but instead had identified only single incidents involving his own arrest and prosecution, which is insufficient for a claim of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Finally, the magistrate judge recommended that Romero's claims against the victim's advocate, the BPD and PSCO officers, his girlfriend, and his mother should

---

[3] In No. 20-1091, the magistrate judge also concluded that the Office of the Colorado State Public Defender was entitled to Eleventh Amendment immunity. But although Romero named that office as a defendant in his initial complaint, he did not name it in the operative amended complaint.

[4] The magistrate judge included the following defendants in the category of county defendants: the Town of Breckenridge, the Board of County Commissioners of Summit County, Summit County, the PCSO, the Board of County Commissioners of Park County, and Park County.

be dismissed for failure to comply with Fed. R. Civ. P. 8(a)'s pleading requirements, because those claims consisted of only generalized allegations lacking any link between each defendant's personal participation and a specific constitutional violation. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (explaining that a § 1983 plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations" and that even an "active-voice yet undifferentiated contention that 'defendants' infringed his rights" is "insufficient" (ellipsis and internal quotation marks omitted)). The magistrate judge further determined that Romero's allegations of a conspiracy were conclusory and therefore insufficient to state an arguable claim under 42 U.S.C. § 1985(3). *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (allegations of a conspiracy couched in conclusory language are insufficient for § 1985(3) claim). The magistrate judge also explained that as to Romero's girlfriend and mother, Romero's allegations fell short of establishing state action through a conspiracy between private and state actors, *see Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983), and that to the extent either of them was a witness, they were entitled to absolute immunity with respect to any testimony, *see Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

**D.    The district court's orders**

Romero filed objections to the magistrate judge's recommendations, reiterating his need for an exception to the thirty-page limit and also challenging much of the recommendations' substance. The district court overruled those objections, adopted the recommendations, and dismissed the amended complaints

9

with prejudice as to the district attorneys, Romero's court-appointed attorneys, and the county defendants, and without prejudice as to the district attorneys' offices, the victim's advocate, the BPD and PSCO officers, Romero's girlfriend, and Romero's mother. To the extent Romero sought leave to file a second amended complaint in No. 20-1089, the district court denied the request as futile.

In each case, Romero filed a motion to alter or amend the judgment and a supplement to each motion. Among other things, Romero challenged the district court's denial of leave to further amend his complaint before dismissing it. He also observed that in *Davidson v. Sandstrom*, 83 P.3d 648 (Colo. 2004) (en banc), the Colorado Supreme Court determined that Colorado district attorneys' offices are part of the judicial district in which they operate and therefore are political subdivisions of the state. From this premise, and despite acknowledging that *Davidson* did not involve Eleventh Amendment immunity, Romero argued that Eleventh Amendment immunity does not extend to district attorneys' offices.[5] The district court treated the motions as filed under Fed. R. Civ. P. 59(e) and denied them.

## II. Discussion

Romero sets forth the same issues in each appeal, claiming error in the district court's (1) refusal to allow him to file an amended complaint in excess of thirty pages

---

[5] Eleventh Amendment immunity extends only to States and entities that are arms of the state, and "[a]lthough ultimately a matter of federal law, arm-of-the-state status must be determined in each case by reference to the particular state laws characterizing the entity." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).

and its denial of his post-judgment request for leave to file an amended complaint; (2) dismissal based on prosecutorial immunity; (3) dismissal based on Eleventh Amendment immunity; (4) dismissal of claims against his court-appointed attorneys based on lack of state action; (5) dismissal based on *Monell*; and (6) dismissal based on noncompliance with Rule 8.[6]

The district court dismissed the claims against Romero's court-appointed attorneys and the county defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which concerns frivolous or malicious actions. We construe that basis as involving a frivolousness determination turning on legal issues, which we review de novo. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). We also review de novo the district court's dismissals based on absolute immunity, *see Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005), and Eleventh Amendment immunity, *see Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). We review for an abuse of discretion the denial of leave to submit a complaint in excess of the court's thirty-page limitation, *see Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1111-12 (10th Cir. 2007); the district court's Rule 8 dismissals, *see United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010); and its

---

[6] Romero also discusses at length the statute of limitations in a § 1983 action, *Heck v. Humphrey*, and qualified immunity, but the district court did not rely on any of those grounds for any of its rulings. And in Nos. 20-1089 and 20-1090, he argues that the district court erred in failing to conclude that he was deprived of an any constitutional rights. But because the district court did not reach the merits of those actions, it was never required to consider whether any defendants deprived Romero of any constitutional rights. We therefore give no further consideration to these points.

denial of the Rule 59(e) motions, *see Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Because Romero is pro se, we afford his arguments a liberal construction, but we may not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We have thoroughly reviewed Romero's appellate briefs, the district court records, and the controlling law. We discern no reversible error in the district court's disposition of these cases. Romero does not advance any meritorious arguments on appeal to counter the district court's rulings. Where, as here, the district court accurately analyzes the issues, we see no useful purpose in writing at length. We therefore affirm the district court's judgments in each case for substantially the same reasons set forth in the magistrate judge's recommendations, as adopted by the district court in its orders of dismissal, and we affirm the denial of Romero's Rule 59(e) motions for substantially the same reasons set forth in the district court's orders denying them. We add only the following discussion.

Romero takes issue with the district court's refusal to allow him to file complaints in excess of the thirty-page limit and its dismissals without providing him leave to amend. But as noted, in ordering Romero to cure deficiencies in his original complaints, the magistrate judge provided guidance regarding substantive deficiencies in the complaints and warned Romero that his actions could be dismissed if he failed to file amended complaints that complied with the requirements set forth in the cure orders. And as the magistrate judge made clear in his recommendations, the amended complaints in each case advanced wholly conclusory allegations,

12

lacking the necessary factual allegations to show an entitlement to relief. At no point, either in the district court or in these appeals, has Romero set out what facts he was unable to include in the amended complaints he filed. We therefore see no abuse of discretion in the district court's handling of the page limitation. Further, we see no reversible error in the district court's dismissal of Romero's amended complaints or the actions without leave to further amend, particularly given that he never supplied the district court with his proposed amendments. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (upholding dismissal with prejudice on § 1915(e)(2)(B) screening where pro se plaintiff had "a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies").

Romero also reiterates his argument that, based on the Colorado Supreme Court's decision in *Davidson*, the two district attorneys' offices do not enjoy Eleventh Amendment immunity. The district court rejected this argument based on *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989), where we held that Colorado district attorneys' offices enjoy Eleventh Amendment immunity. The district court did not address whether the later-decided *Davidson* affected *Rozek*, but in *Van De Weghe v. Chambers*, 569 F. App'x 617, 621 (10th Cir. 2014), a panel of this court decided that *Davidson* did not mean to "throw *Rozek*'s analysis or conclusion overboard." The panel also explained that "[e]ven if *Davidson* did speak more clearly in favor of overruling *Rozek*, we doubt we'd have any obligation to do

13

so," because while entitled to deference, state court arm-of-the-state decisions are not "dispositive." *Id.* at 621 n.3 (internal quotation marks omitted). Although *Van De Weghe* is unpublished, we may consider it for its persuasive value consistent with 10th Cir. R. 32.1(A). And we find *Van De Weghe* persuasive on this issue. We therefore see no error in the district court's rejection of Romero's *Davidson* argument.

## III. Conclusion

In each of these appeals, Nos. 20-1089, 20-1090, and 20-1091, we affirm the district court's judgments and its orders denying Romero's Rule 59(e) motions, and we deny Romero's applications to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge